**Date signed November 16, 2004**



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| AUDREY YVONNE BARGESKI | : | Case No. 01-18272PM |
| | : | Chapter 7 |
| Debtor | : | |
| ------------------------------- | : | |
| CHERYL E. ROSE, Chapter 7 Trustee | : | |
| Plaintiff | : | |
| vs. | : | Adversary No. 04-1432PM |
| | : | |
| ALBERT M. BARGESKI | : | |
| Defendant | : | |
| ------------------------------- | : | |
| ALBERT M. BARGESKI | : | |
| Third-Party Plaintiff | : | |
| vs. | : | |
| | : | |
| AUDREY YVONNE BARGESKI | : | |
| Third-Party Defendant | : | |
| ------------------------------- | : | |
| AUDREY YVONNE BARGESKI | : | |
| Third-Party Plaintiff | : | |
| vs. | : | |
| | : | |
| ALBERT M. BARGESKI | : | |
| Third-Party Defendant | : | |
| ------------------------------- | : | |

**MEMORANDUM OF DECISION**

This case comes before the court on the Motion filed by Albert M. Bargeski to dismiss the third-party complaint filed by Audrey Yvonne Bargeski. Before ruling on the motion, the

court will summarize where it finds itself in this adversary proceeding now set for trial on January 13, 2005.

The complaint filed by the Chapter 7 Trustee is simple enough. It seeks to avoid a post-petition transfer effected pursuant to a Voluntary Separation and Property Settlement Agreement dated May 21, 2002 (the "Agreement"). In that Agreement, the Debtor, Audrey Y. Bargeski, now Audrey Y. Buckbee (sometimes "Audrey"), and her husband, Albert M. Bargeski (sometimes "Albert"), divided the property accumulated in their 13-year marriage and dealt with all claims each had against the other. The Trustee seeks to recover from Albert the value of property received by him under the Agreement, that is, one-half of the former marital residence, a pontoon boat, and an automobile. The Trustee argues that the transfers were without consideration, and this appears true as to the estate's interest in the property conveyed. But, the actual consideration flowing from Albert to Audrey was substantial as one might conclude from a reading of the letter from Albert's lawyer to Audrey's lawyer dated February 8, 2002. A copy of this letter is an exhibit to Audrey's Motion to Dismiss Third-Party Complaint. It seems that while the Trustee is pursuing Albert for what he received under the parties' Agreement, nothing is being done to pursue Audrey for the property that she is said to have retained under the Agreement. Clapp's letter asserts that Audrey took away no less than what Albert did from the marriage.

The Debtor filed a bankruptcy case under Chapter 13 on June 26, 2001. While the case was pending under Chapter 13, the parties entered into the Agreement. The lawyers negotiating this Agreement on behalf of the parties[1] were oblivious to the implications of the pending bankruptcy case. Had the Debtor then exercised her absolute right to dismiss the case, as she had the right to do pursuant to 11 U.S.C. § 1307(a), the parties would have gone on their merry way, and this dispute would not be before this court. She did not. Instead, Audrey exercised her absolute right to convert the case pursuant to 11 U.S.C. § 1307(a), laying the groundwork for the action against Albert by the Trustee. An Order converting the case was entered November 21, 2002, after the conveyance of the real property in August. The court assumes that the parties executed all necessary papers to effectuate their Agreement before conversion of the case.

---

[1] The attorneys of record in this adversary proceeding did not represent the parties in the divorce action. Had Albert's attorney consulted with someone with a basic understanding of the interrelationship of bankruptcy and divorce, Albert would have been protected from this action by the Trustee.

Having done all that was required of him under the Agreement, Albert was justifiably upset by the turn of events whereby the Trustee sought to recover what Audrey had turned over to him in consideration of all that was given up to her. He filed a third-party complaint against Audrey seeking indemnity and damages. Audrey's motion to dismiss his third-party complaint was denied by Judge Akard in an Order entered August 23, 2004. Undeterred, a pleading called a Third-Party Complaint to Determine Dischargeability of Debt was filed on Audrey's behalf that was countered by the Motion to Dismiss filed by Albert that is the pending motion before the court. Audrey's reflexive action against Albert seems more akin to a cross-claim or a counterclaim than a third-party complaint. Whatever it is called does not make a difference.

For the reasons that caused Judge Akard to deny the motion to dismiss the third-party complaint filed by Albert against Audrey, the court will dismiss the third-party complaint filed by Audrey against Albert. All that it accomplishes is to restate the argument made by Audrey in her motion to the third-party complaint that was denied by Judge Akard. In any event, Audrey's third-party complaint is redundant, because if Albert is unsuccessful and Audrey successful in her argument that 11 U.S.C. § 348(d) causes Albert's claim to be discharged, then in essence she prevails on the issues raised by her third-party complaint.

If the Trustee prevails in his action against Albert, then the issue between Albert and Audrey is when Albert's causes of action arose against Audrey. *Compare In re M. Frenville Co.*, 744 F.2d 332, 336-37 (CA3 1984), with *In re Black*, 70 B.R. 645 (BC Utah 1986). This is an interesting issue of law. However, considering all of the circumstances of this case, the parties would be well advised to seek their own resolution of this dispute before the court makes a resolution for them early next year.

An appropriate order will be entered.

cc:
James M. Hoffman, Esq., 11921 Rockville Pike, Suite 300, Rockville, MD 20852
Harry T. deMoll, Esq., 129 West Patrick Street, #3, Frederick, MD 21701
Laura J. Margulies, Esq., 6205 Executive Blvd., Rockville, MD 20852
Cheryl E. Rose, Trustee, 50 W. Edmonston Drive, Suite 600, Rockville, MD 20852

**End of Memorandum**